**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3327
_____

BRENDA LEE BRAUN,
                                        Appellant

v.

DAVID ROBERTSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:13-cv-03194)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 30, 2014
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Filed: January 31, 2014)
_____

OPINION
_____

PER CURIAM

   Brenda Lee Braun sought to file an in forma pauperis complaint against the

defendant.  She alleged that he stole her food stamps and cashed them in, ordered

pornographic movies through her television while she was sleeping, and stole over $220

of her rent money. She sought $909 in damages from him (the value of the money and food stamps plus the cost of the cable bill for the pornography) and a no-contact order.

The District Court allowed Braun to proceed in forma pauperis and dismissed her complaint. The District Court concluded that it lacked subject-matter jurisdiction over Braun's action, noting that there was no basis for a federal claim evident in her pleading and that she did not meet the requirements for the District Court to exercise diversity jurisdiction. The District Court further ruled that amendment was futile.

Braun appeals.[1] She argues that the defendant stole food, ordered $489 worth of pornographic films, and stole $620 in cash from her, which he still refuses to pay back. She asks that we reopen her District Court case and set a trial date as soon as possible.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the order dismissing the complaint is plenary. See Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 347 (3d Cir. 2012); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).

On review, we conclude that the District Court properly dismissed Braun's complaint where she did not raise a federal claim or satisfy the requirements for proceeding in diversity. In regards to the latter, in the complaint, she and the defendant

---

[1] Because she did not initially file a brief and appendix as directed, her appeal was previously dismissed by Clerk order for failure to prosecute. We have since reopened her case on her motion. She nonetheless challenges the earlier order dismissing her appeal; that challenge (or request for reconsideration) is without merit.

2

are described as Pennsylvania citizens and the amount in controversy does not reach the jurisdictional threshold. See 28 U.S.C. § 1332; see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (explaining the rule of complete diversity); Spectator Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997) (noting the "general rule" that the amount in controversy "is determined from the good faith allegations appearing on the face of the complaint"). The District Court also did not abuse its discretion in denying Braun leave to amend on the basis of futility.

For these reasons, we will affirm the District Court's judgment.